IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00060-CV

 

Wilmer Easter,

                                                                                    Appellant

 v.

 

TDCJ, et al,

                                                                                    Appellee

 

 

 



From the 278th District
Court

Walker County, Texas

Trial Court No. 24,849

 



MEMORANDUM  Opinion



 

Wilmer Easter, a state-prison inmate,
sued two Texas Department of Criminal Justice (TDCJ) employees and the TDCJ.  Easter
filed the suit pro se and as an indigent, which triggered Chapter 14 of the
Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ch. 14 (Vernon 2002).  After requesting
and receiving an advisory from the Attorney General on Easter’s compliance with
Chapter 14, the trial court dismissed the case.  Easter appeals, asserting in three
issues that the trial court erred in dismissing the case.  We will affirm.

Easter alleged that on June 12, 2009, TDCJ
Officer Gerry Mireles searched his cell and confiscated a hot pot and a pair of
stereo headphones on the ground that they had been altered.  Easter claimed
that the search and confiscation were pretextual and that Mireles confiscated
the items because of an argument Easter had earlier that day with another TDCJ
employee, whom Easter alleged was Mireles’s girlfriend.  Easter alleged that TDCJ
Officer Cynthia Woods improperly held the confiscated property without a
showing of how the property jeopardized the safety or security of the unit.

Easter sued Mireles and Woods
individually, asserting a section 1983 claim for their intentional deprivation
of his property and that their acts violated Easter’s rights under the 5th and
8th Amendments and his substantive due-process rights under the 14th
Amendment.  Easter’s claim against the TDCJ asserts that its property policy
(Administrative Directive 03.72) is unconstitutionally vague because it does
not adequately define “altered” property, which thus allows correctional
officers to confiscate and withhold offenders’ property too easily and
unconstitutionally.  He further claimed that the policy violates due process
because it does not provide for a pre-deprivation hearing and because its
post-deprivation remedy is inadequate.

 In its Chapter 14 advisory to the trial
court, the Attorney General first noted that Easter had failed to comply with
section 14.005 to show exhaustion of administrative remedies.[1] 
The Attorney General then argued that Easter’s claims had no arguable basis in
law because TDCJ was not a proper party because state agencies may not be sued
under section 1983; Easter failed to sue the proper officials who actually had
authority over the property policy.  And for that reason, TDCJ also asserted
that Mireles and Woods were incorrectly sued, as they were not policymakers
with authority to change the TDCJ policy.  Finally, the Attorney General argued
that Easter had not pleaded a valid section 1983 retaliation claim and that
Woods was entitled to qualified immunity.

The trial court entered an order
dismissing Easter’s suit for failure to comply with Chapter 14.  Easter’s first
issue asserts that the trial court abused its discretion to the extent it
dismissed his suit for failing to exhaust administrative remedies.

Generally, the dismissal of inmate
litigation under Chapter 14 is reviewed for abuse of discretion.  Brewer v.
Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.).  A prison
inmate who files suit in a Texas state court pro se and who seeks to proceed in
forma pauperis must comply with the procedural requirements set forth in
Chapter 14 of the Civil Practice and Remedies Code.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.002(a), 14.004, 14.005 (Vernon 2002)).  Failure to fulfill those
procedural requirements will result in dismissal of an inmate’s suit.  Id.

            Subsection 14.005(a)
mandates that an inmate who files a claim subject to the TDCJ grievance system
file an affidavit or unsworn declaration stating the date that his grievance
was filed and the date that he received the written grievance decision.  Id.
at 768 (citing Tex. Civ. Prac. &
Rem. Code Ann. § 14.005(a)(1)).  The section also mandates the filing of
a copy of the written grievance decision.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann. §
14.005(a)(2)).  If an inmate does not strictly comply with subsection
14.005(a), a trial court does not abuse its discretion in dismissing the
claim.  Id.

Easter’s belated filing of his motion to
enlarge the record included only copies of the Step 1 and Step 2 grievance
forms.  He failed to file an affidavit or unsworn declaration stating the date
that his grievance was filed and the date that he received the written
grievance decision.[2]

Because of Easter’s failure to comply
with section 14.005, the trial court did not abuse its discretion in dismissing
Easter’s suit.  We overrule issue one.

Easter’s second issue asserts that the
trial court’s dismissal for a single noncompliance with Chapter 14 violates the
open courts provision of the Texas Constitution.  His third issue asserts that
the trial court denied Easter due process by giving a “much too technical
reading” of his pro se pleading.  Because neither of these complaints was asserted
in the trial court, they have not been preserved for appellate review.  Tex. R. App. P. 33.1(a); see Brewer, 268 S.W.3d at 767 (“Constitutional violations must be raised
in the trial court for them to be preserved for appellate review.”).  We
overrule issues two and three.

Having overruled Easter’s three issues,
we affirm the trial court’s order of dismissal.

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Affirmed

Opinion
delivered and filed June 8, 2011

[CV06]









[1] Several weeks after the filing of his
petition, Easter filed a “motion to enlarge the record” that included his
administrative grievances.  This motion apparently was not served on the
Attorney General, which accounts for the allegation that Easter had failed to
exhaust his administrative remedies.





[2] “A court shall dismiss a claim if the
inmate fails to file the claim before the 31st day after the date the inmate
receives the written decision from the grievance system.”  Tex. Civ. Prac. & Rem. Code Ann. §
14.005(b).  The Step 2 grievance shows a TDCJ response date of August 24,
2009.  Easter mailed his petition for filing on September 29 (the petition was
actually filed on October 5), and if Easter received the Step 2 grievance
decision on or about August 24, his claim was untimely filed, which further
warranted the trial court’s dismissal.








t-ordered mental health services, defects in the protective-custody
process became moot. See id. We overrule Appellant's second point.
          The judgment is affirmed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 20, 1991
Do not publish